## COOK v. THE STATE.

SIMMONS, C. J. 1. Where to a motion for new trial, made by the accused in a criminal case, an amendment was offered adding a new ground to the motion, based upon newly discovered evidence, which was rejected by the court because the affidavits in support thereof were executed before a commercial notary public who was also at the time attorney for the movant, and on the further ground that the newly discovered evidence was cumulative and impeaching in its character, even if, technically speaking, the amendment should have been allowed, this court will not grant a new trial on that ground, when it appears from the affidavits themselves in the record that, had the amendment been allowed, it would not have afforded cause for granting a new trial on the ground therein set up.

2. There being no error of law committed, and the verdict being sustained by the evidence, the judge did not err in overruling the motion for a new trial.　　　　　*Judgment affirmed. All the Justices concurring.*

Submitted March 6, — Decided March 15, 1899.

Indictment for assault with intent to rape. Before Judge Smith. Telfair superior court. October term, 1898.

*D. C. McLennan,* for plaintiff in error.
*John F. DeLacy, solicitor-general,* contra.

---

## SAM GIVENS v. THE STATE.

COBB, J. As against a motion to quash, in the nature of a general demurrer, the indictment sufficiently charged the offense of riot. The evidence authorized the verdict, and the rulings complained of, even if erroneous, were not of such a character as to require the granting of a new trial.

*Judgment affirmed. All the Justices concurring.*

Submitted March 6, — Decided March 15, 1899.

Indictment for riot. Before Judge Winn. City court of Gwinnett. December term, 1898.

*R. W. Peeples* and *Oscar Brown,* for plaintiff in error.
*F. F. Juhan, solicitor,* contra.